{¶ 15} I cannot agree that the judgment of conviction in this case satisfies CrimR. 32(C). The majority relies on State v. Baker, 2008-Ohio-3330, to conclude that the name or code section of the crime is not necessary. However, the judgment of conviction in Baker
specifically found the defendant guilty of "HAVING WEAPONS WHILE UNDER DISABILITY" and "OBSTRUCTING OFFICIAL BUSINESS". Thus, Baker did not address the issue of the consequences of an omission of the name of the crime from the judgment entry. *Page 10 
 {¶ 16} "A judgment of conviction shall set forth . . . the verdict or finding, and the sentence . . . (.) See CrimR. 32(C). Implied in those requirements is the necessity of identifying the crime that the defendant is being found guilty of and being punished for. The majority says we can glean the identity of the crime from the entire record. ButBaker is clear in holding that the judgment is a single document, not a conglomeration of entries. Baker at ¶ 15. Moreover, how is any reviewing court to know with certainty from looking at such a judgment that a no contest plea did not result in the court finding the defendant guilty of a lesser included offense? And how would a court use such an entry where the crime is enhanced because of prior convictions? The obvious answer to these questions is that it can't. Only if the judgment of conviction contains a reference by name or statute can it fulfill the implicit requirements of Crim. R. 32(C). Because the judgment here fails to do that, I dissent. *Page 11 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Marietta Municipal Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J.: Concurs in Judgment Only.
 Harsha, J.: Dissents with Dissenting Opinion. *Page 1